**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                    **CASE NO. 4:11CR00214-1 JMM**

**ROBERT ROGERS, aka BAM BAM**

**ORDER**

Pending before the Court is Defendant's Motion for review of detention order. After listening to a recording of the hearing held before Magistrate Judge Joe J. Volpe on October 14, 2011, reviewing the pleadings and hearing argument of counsel on November 21, 2011, the Court finds that the motion should be denied (#17).

Defendant's motion seeks revocation of Magistrate Judge Volpe's October 14, 2011 Detention Order pursuant to The Bail Reform Act of 1984 and *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985) (*en banc*). Magistrate Judge Volpe detained Defendant finding that (1) the United States had carried its burden of proving that the Defendant was an unreasonable risk to the community and (2) no set of release conditions could be imposed to reasonably assure public safety. *See* Case No. 4:11CR00214-1 JMM, Doc. #18.

This Court reviews a Magistrate Judge's detention order *de novo*. 18 U.S.C. § 3145(b); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*). When the indictment charges a violation of the Controlled Substances Act which carries a maximum term of

1

imprisonment of ten years or more there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

Here, the rebuttable presumption applies as Defendant is charged in Counts Five and Seven with Attempt to Possess with Intent to Distribute cocaine, a Schedule II controlled substance, a violation of 21 U.S.C. §841(a) (1), in violation of 21 U.S.C. §846: and Count Six with Aiding and Abetting the Attempt to Possess with the Intent to Distribute cocaine, a Schedule II controlled substance, a violation of 21 U.S.C.§841(a)(1), in violation of 21 U.S.C. §846 and 2. The defendant has the "burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir.2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001)). Once the burden of production is met, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

When determining if there are conditions of release which will reasonably assure the appearance of a defendant at trial and the safety of the community, the Court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the nature and seriousness of the danger to the community or to an individual that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

The Defendant is charged with a serious crime involving both drugs and the Defendant using his law enforcement status in order to assist a drug trafficker. *See* § 3142(g)(1).  Based upon the testimony at the October 14, 2011 hearing, the strong weight of the evidence including recorded audio and video is against the Defendant. *See* § 3142(g)(2)

Defendant's "history and characteristic" also support detention. *See* 18 U.S.C. § 3142(g)(3).  As the Defendant has been placed on administrative leave without pay, he has no gainful employment.  Further, the Defendant has been diagnosed with post-traumatic stress disorder and depression and evidence has been presented that the Defendant has attempted suicide on two occasions and has acted violently causing injuries to his girlfriend, Margaret Koss. Although Defendant contends that Ms. Koss would be willing to serve as a third-party custodian, the evidence presented of the Defendant's mental health history and history of violence does not lend itself to Ms. Koss being a third-party custodian.

The Court finds by clear and convincing evidence that the Defendant is a danger to the community and that there are no conditions that adequately mitigate these concerns. The Court therefore concludes that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

IT IS SO ORDERED THIS 28th day of November, 2011.

*/s/ James M. Moody*
James M. Moody
United States District Judge